JMK:ALB
F. #2018R01833

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

SALVADOR CIENFUEGOS ZEPEDA,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

REMOVAL AGREEMENT

19-CR-366 (CBA)

The United States Attorney's Office for the Eastern District of New York (the "Office") and Salvador Cienfuegos Zepeda (the "defendant") agree to the following:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Mexico and a citizen of Mexico.

3. The defendant, on October 15, 2020, was paroled into the United States at the Los Angeles International Airport in Los Angeles, California

4. On October 15, 2020, the defendant was arrested pursuant to a warrant for the above-captioned indictment.

5. On November 16, 2020, the government moved, with the consent of the defendant, to dismiss the above-captioned indictment without prejudice.

6. The government and the defendant have agreed that the defendant will voluntarily depart the United States to Mexico expeditiously in the custody of the United States Marshals Service ("USMS").

7. The defendant agrees to assist the USMS in his expeditious removal. Specifically, he agrees to assist the USMS in the procurement of any travel, identity, or any other documents necessary for his departure; to meet with and to assist representatives of Mexico to effectuate his removal if the USMS so requests; and to execute any forms, applications, or waivers needed to execute or expedite his departure. He further understands that his failure or refusal to assist the USMS in the execution of his removal may subject him to renewed prosecution in the United States of the above-captioned indictment.

8. After consultation with counsel, the defendant understands and hereby agrees to waive any and all rights he may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act of 1952, as amended ("INA"), and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

9. The defendant agrees that he has not been persecuted in, and has no present fear of persecution in Mexico, the country of his nativity and citizenship.

10. The defendant consents to the introduction of this statement as an exhibit in the record of any judicial removal proceedings necessary to effectuate his removal as discussed herein and further agrees to waive his privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

11. The defendant agrees to waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

12. Both the government and the defendant agree and respectfully request that this agreement be kept under seal until the status conference scheduled in the above-captioned case currently scheduled for November 18, 2020. The parties agree that public disclosure of this motion before that date could cause harm to the government's relationship with a foreign ally. See United States v. Trabelsi, No. CR 06-89 (RWR), 2015 WL 5175882, at *8 (D.D.C. Sept. 3, 2015) (granting request to seal documents produced to defendant in part due to "the government's representations regarding the potential harm to the relationship between the United States and its foreign allies"); United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (sealing appropriate to protect law enforcement interests). In light of the short period of sealing, the government respectfully submits that this request is narrowly tailored and appropriately

balances the government's compelling interests with the public's qualified right to access this document. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988).

Dated: Brooklyn, New York
November 18, 2020

SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York

By: /s/ Allen L. Bode
Allen L. Bode
Assistant United States Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Salvador Cienfuegos Zepeda
Defendant

Approved by:

_____
Edward V. Sapone, Esq.
Counsel to Defendant