```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - -  X

UNITED STATES OF AMERICA,   :   19-CR-366(CBA)

         Plaintiff,         :
                                United States Courthouse
     -against-              :   Brooklyn, New York

SALVADOR CIENFUEGOS ZEPEDA, :
                                November 18, 2020
         Defendant.         :   10:00 o'clock a.m.

- - - - - - - - - - - - -  X


             TRANSCRIPT OF STATUS CONFERENCE
         BEFORE THE HONORABLE CAROL BAGLEY AMON
               UNITED STATES DISTRICT JUDGE.

APPEARANCES:


For the Government:        SETH D. DuCHARME
                           Acting United States Attorney
                           ALLEN L. BODE
                           Assistant United States Attorney
                           Eastern District of New York
                           271 Cadman Plaza East
                           Brooklyn, New York


For the Defendant:         SAPONE & PETRILLO, LLP
                           40 Fulton Street
                           23rd Floor
                           New York, NY 10038

                           BY: EDWARD V. SAPONE, ESQ.


Court Reporter:            Charleane M. Heading
                           225 Cadman Plaza East
                           Brooklyn, New York
                           (718) 613-2643

Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.


        CMH      OCR      RMR      CRR      FCRR
```

2

1  THE CLERK: Good morning. This is criminal cause
2  for a status conference, 19-CR-366, USA versus Salvador
3  Cienfuegos Zepeda.
4  May the parties please state your name for the
5  record.
6  MR. DuCHARME: For the United States, Seth DuCharme,
7  Your Honor. I'm joined by Allen Bode at counsel table.
8  MR. BODE: Good morning, Your Honor.
9  THE COURT: Good morning.
10  MR. SAPONE: Good morning, Your Honor. Edward
11  Sapone, Sapone & Petrillo, for defendant Salvador Cienfuegos
12  Zepeda who is present with counsel in court.
13  THE COURT: All right. Good morning.
14  All right. Everyone can be seated.
15  Mr. DuCharme, the government has an application, I
16  understand, this morning. Do you want to be heard on that
17  application?
18  MR. DuCHARME: Yes, briefly, Your Honor.
19  As set forth in our papers, I think as an initial
20  matter, you know, the Office stands behind the case. There is
21  no concern that I have with the strength of our case. Here,
22  there was a balancing, frankly, of interests between the
23  Department's interests in pursuing this particular prosecution
24  against the interest of the United States in foreign relations
25  and, in particular, with the United States' relationship with

1  Mexico and cooperative law enforcement efforts that go, that
2  touch upon this case to the extent that they relate to
3  narcotics trafficking and public corruption, but the United
4  States determined that the broader interests in maintaining
5  that relationship in a cooperative way outweighed the
6  Department's interest and public interest in pursuing this
7  particular case.
8          THE COURT:  And I understand, Mr. DuCharme, that
9  this application is being made at the highest level of the
10 Justice Department, that this was a decision made by the
11 Attorney General of the United States, is that correct?
12         MR. DuCHARME:  That's correct, Your Honor, and the
13 Attorney General, as you may be aware, you know, issued a
14 statement I think last night setting forth the position of the
15 United States and coordination with the government of Mexico.
16         THE COURT:  Yes.  My courtroom deputy was provided
17 with a copy of that press release.
18         It was not clear to me from the government's letter
19 when you referred to the fact that there were officials who
20 had made that determination, that it was the Attorney General
21 himself, but that has been clarified today in court.
22         Now, I take it that the defendant, although his
23 consent is not required, does not oppose this application?
24         MR. SAPONE:  Your Honor, Edward Sapone speaking.
25         So when we had appeared for arraignment before

4

1  Magistrate Judge Gold, Mr. Cienfuegos Zepeda entered a plea of
2  not guilty to each charge contained in the indictment.  We
3  have received a copy of the government's application and
4  certainly consent to that application.
5           THE COURT:  Now, I understand though that the
6  application is contingent on the defendant signing this
7  removal agreement, is that correct?
8           MR. DuCHARME:  That's correct, Your Honor, and he
9  has signed the agreement.  We have an executed copy here.
10          THE COURT:  Yes.
11          MR. DuCHARME:  And that's really, I think, the
12 mutual interest of the parties, and should Your Honor grant
13 the motion, an expeditious and efficient execution of our
14 joint plan which is essentially to return the defendant to
15 Mexico to be held accountable under Mexican law as soon as
16 practicable.
17          THE COURT:  Well, the removal agreement indicates
18 that it has been filed under seal, but it has not been filed
19 at all and it was just presented to the Court this morning and
20 there is no reason that once it is filed, that this document
21 should be under seal.
22          MR. DuCHARME:  We respect Your Honor's
23 determination, Judge.  You know, we tried to be sensitive to
24 the interests, I think, of the defendant as well as the
25 United States' interest in facilitating the smooth execution

1  of this intended course of action.  So, you know, we have
2  asserted, as you know, Judge, a basis to seal on that basis
3  but obviously, you know, defer to the Court on your findings.
4              THE COURT:  Well, but in the letter, you say it is
5  only necessary to have it sealed until the status conference.
6  So at this point, you are not seeking to have it sealed any
7  longer, correct?
8              MR. DuCHARME:  With respect to the applications,
9  that's right, Judge.
10             With respect to the removal agreement, it's my
11 understanding that the defendant had asserted some interest in
12 having portions of that at least remain sealed with respect to
13 the removal agreement only, Your Honor.  The government
14 certainly doesn't object to that.
15             THE COURT:  I am looking at paragraph 12:  Both the
16 government and defendant agree and respectfully request that
17 this agreement be kept under seal until the status conference
18 scheduled in the above captioned case.
19             There is nothing in here to suggest that any part of
20 it should be otherwise sealed.
21             MR. DuCHARME:  No, I --
22             THE COURT:  Not in the application itself.  I think
23 we should resolve this now.
24             MR. DuCHARME:  Okay.  Understood, Your Honor.
25             THE COURT:  So, this removal agreement, do you have

6

1  the original?
2          MR. DuCHARME:  I do, Your Honor, executed.
3          THE COURT:  Okay.
4          MR. DuCHARME:  May I approach?
5          THE COURT:  Yes.
6          Mr. Sapone, did you want to be heard on this matter?
7          I take it you have executed this and your client has
8  executed this?
9          MR. SAPONE:  Your Honor, I can confirm that we have
10 gone through the removal agreement with Mr. Cienfuegos Zepeda
11 in English and I interpreted it into Spanish.  I also had it
12 translated into Spanish so the entirety of the document is in
13 Spanish.  This morning in the Marshal's pens, we had visited
14 with Mr. Zepeda and gone through it word by word, line by
15 line.  He understands it.  When he came into court, he signed
16 it and so we're in full agreement with it.
17         THE COURT:  So this removal agreement is, of course,
18 contingent on the Court granting the application to dismiss
19 the indictment without prejudice, correct?
20         MR. SAPONE:  That's correct, Your Honor.
21         THE COURT:  All right.  Before I take up that issue,
22 let me just ensure that the defendant understands this removal
23 agreement.
24         First of all, I will delete that it is filed under
25 seal.  Under the terms of the agreement itself, it should not

1  be filed under seal after today's proceeding.
2              So I have a series of questions to ask the defendant
3  and I would ask that he rise and my courtroom deputy
4  administer an oath for him to tell the truth.
5              Mr. Cienfuegos, I have before me a document referred
6  to as a removal agreement.
7              Was that agreement translated to you?
8              THE DEFENDANT:  Yes, Your Honor.
9              THE COURT:  Now, I want you to understand that your
10 agreement, this removal agreement, only comes into effect if,
11 in fact, I grant the government's application.
12             You understand that, correct?
13             THE DEFENDANT:  Yes, ma'am.
14             THE COURT:  But if I grant the government's
15 application, then you will be bound by the terms of this
16 removal agreement.  Is that clear to you?
17             THE DEFENDANT:  Yes, ma'am.
18             THE COURT:  All right.  And this agreement, you
19 indicated, was, in fact, translated to you, correct?
20             THE DEFENDANT:  Yes, ma'am.
21             THE COURT:  Before signing it, did you have an
22 adequate opportunity to discuss the provisions of this
23 agreement with your counsel?
24             THE DEFENDANT:  Yes, I did so with the attorney.
25             THE COURT:  All right.  Are you satisfied to have

8

1  him represent you in this proceeding?
2          THE DEFENDANT:  Yes, ma'am, I'm satisfied.
3          THE COURT:  Now, it indicates that the government
4  and the defendant have agreed that the defendant will
5  voluntarily depart the United States expeditiously in the
6  custody of the United States Marshal.
7          Do you agree to that?
8          THE DEFENDANT:  Yes, ma'am.
9          THE COURT:  You also agree to help the Marshals in
10 the removal by providing to them all of the documents that
11 would be necessary to return you in their custody to Mexico.
12 Do you understand that?
13         THE DEFENDANT:  Yes, I do understand, yes.
14         THE COURT:  That you agreed to waive any rights that
15 you may have?
16         THE DEFENDANT:  Yes, I'm in agreement.
17         THE COURT:  Well, let me just go over those rights
18 for a moment.  They include the right to seek relief from
19 removal or to seek relief from deportation or exclusion under
20 the Immigration and Nationality Act.
21         All right.  Let me just ask you, I meant to have my
22 courtroom deputy swear you in, so let me have her swear you in
23 and I will ask if those further questions were under oath.
24         Do you want to swear him in, please?
25         THE CLERK:  Raise your right hand, please.

1           (The defendant is duly sworn by the clerk of
2  Court under penalties of perjury.)
3           THE CLERK:  Thank you.
4           THE COURT:  All right.  I'm sorry.  The questions
5  that I previously asked you, were your responses true and
6  accurate to those questions?
7           THE DEFENDANT:  It is so, yes, correct.
8           THE COURT:  So do you understand that you are giving
9  up your right to contest your removal from this country on any
10 grounds including asylum, withholding of removal or any claim
11 under the Convention Against Torture Act, do you understand
12 that?
13          THE DEFENDANT:  Yes, ma'am.
14          THE COURT:  And do you agree that you have not been
15 persecuted and have no present fear of persecution in Mexico
16 at the present time?
17          THE DEFENDANT:  Yes, I do agree.
18          THE COURT:  All right.  Is there any further inquiry
19 that the government thinks I should make of the defendant in
20 order to accept his agreement to be removed?
21          MR. DuCHARME:  No, Your Honor.
22          THE COURT:  Mr. Sapone, is there anything else you
23 think that I should further ask your client?
24          MR. SAPONE:  No, Your Honor has covered it.
25          THE COURT:  All right.  You may be seated.

1           Let me now issue a ruling on the government's
2   request to dismiss the indictment without prejudice.
3           Rule 48(a) of the Federal Rules of Criminal
4   Procedure provides that the government may, with leave of the
5   court, dismiss an indictment.  The government seeks such leave
6   in this case and the defendant does not oppose it.
7           The scope of judicial review of such an application
8   is quite limited.  The Second Circuit has noted that such
9   motions should be granted unless clearly contrary to manifest
10  public interest.
11          As I understand it, this decision to seek dismissal
12  was made at the highest level of government, at the Justice
13  Department, that of the Attorney General of the United States.
14  The stated reason for doing so is to permit Mexico to
15  investigate and prosecute the defendant.  This was done "in
16  recognition of the strong law enforcement partnership between
17  Mexico and the United States and in the interest of
18  demonstrating a united front against all forms of
19  criminality."
20          Although these are very serious charges against a
21  very significant figure, and the old adage "a bird in the
22  hand" comes to mind, still I have no reason to doubt the
23  sincerity of the government's position the decision here is
24  being made, to quote their letter, as a matter of foreign
25  policy and no reason to doubt the government's determination

11

1  that the Mexican prosecuting authorities sincerely wish to
2  pursue an investigation and possible prosecution of this
3  defendant.
4         There is no suggestion that this application is
5  being made in bad faith or that accepting the government's
6  reasoning that it is against the public interest so I will,
7  therefore, grant the application.
8         Is there anything further, Mr. DuCharme?
9         MR. DuCHARME:  No, Your Honor.  Thank you very much.
10        MR. BODE:  Just one thing, Your Honor.  I'll file a
11 letter with the Court when it has actually happened.
12        THE COURT:  I think the order provides for that.
13        MR. BODE:  Thank you.
14        MR. DuCHARME:  It does, Your Honor.  Thank you.
15        THE COURT:  Mr. Sapone, is there anything further we
16 need to address?
17        MR. SAPONE:  No.  Thank you, Your Honor.
18        THE COURT:  All right.
19        (Matter concluded.)